## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| (1) FRANCISCO DIAZ, (2) VICENTE GONZALEZ and (3) PAUL MARTIN, individually and on behalf of all others similarly situated,<br><br>vs.<br><br>(1) CYPRESS ENERGY MANAGEMENT TIR, LLC and (2) TULSA INSPECTION RESOURCES, LLC. | DOCKET NO. 4:19-cv-00668-JED-FHM<br><br>JURY TRIAL DEMANDED<br><br>COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |

### ORIGINAL COLLECTIVE ACTION COMPLAINT

#### I.     SUMMARY

1.      Plaintiffs Francisco Diaz, Vicente Gonzalez, and Paul Martin bring this lawsuit to recover unpaid overtime wages and other damages from Defendants Cypress Energy Management TIR, LLC and Tulsa Inspection Resources, LLC[1] (collectively "TIR") under the Fair Labor Standards Act (FLSA).

2.      TIR is an oil and gas and construction staffing company. TIR employs oilfield personnel to carry out its work.

3.      Plaintiffs and the other workers like them regularly worked for TIR in excess of forty (40) hours each week.

4.      But these workers never received overtime for hours worked in excess of forty (40) hours in a single workweek.

5.      Instead of paying overtime as required by the FLSA, TIR improperly classified

---

[1] Tulsa Inspection Resources, LLC and Cypress Energy Management TIR, LLC are related corporate entities, under the same corporate ownership, and are the business units responsible for TIR's inspector workforce at issue in this case. *See* https://www.cypressenergy.com/tulsa-inspection-resources (Last visited December 6, 2019). Upon information and belief, Tulsa Inspection Resources, LLC and Cypress Energy Management TIR, LLC are jointly responsible for the employment classification decisions, payroll, and payroll practices at issue in this case.

Plaintiffs and those similarly situated workers as exempt employees and paid them a daily rate with no overtime compensation.

6. This collective action seeks to recover the unpaid overtime wages and other damages owed to these workers.

## II. JURISDICTION AND VENUE

7. This Court has original subject matter jurisdiction pursuant to 28 U.S.C. § 1331 because this action involves a federal question under the FLSA. 29 U.S.C. § 216(b).

8. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in this District and Division. TIR conducts substantial business operations in this District and Division and also has its corporate headquarters in this District and Division in Tulsa, Oklahoma.

## III. THE PARTIES

9. Plaintiffs worked for TIR throughout the past three years as inspectors.

10. Throughout their employment with TIR, Plaintiffs were paid a day-rate with no overtime compensation.

11. Plaintiffs' consents to be a party plaintiff is attached as Exhibit A, B, & C.

12. Plaintiffs bring this action on behalf of themselves and all other similarly situated workers who were paid by TIR's day-rate system. TIR paid each of these workers a flat amount for each day worked and failed to pay them overtime for all hours that they worked in excess of 40 hours in a workweek in accordance with the FLSA.

13. The class of similarly situated employees or putative class members sought to be certified is defined as follows:

> **All inspectors employed by TIR who were paid a day rate with no overtime in the past three (3) years.** ("Putative Class Members").

14. Defendant Cypress Energy Management TIR, LLC is a limited liability company doing

business throughout the United States. Cypress Energy Management TIR, LLC may be served through its registered agent, The Corporation Company, 1833 S. Morgan Rd., Oklahoma City, Oklahoma 73128.

15. Defendant Tulsa Inspection Resources, LLC is a limited liability company doing business throughout the United States. Tulsa Inspection Resources, LLC may be served through its registered agent, The Corporation Company, 1833 S. Morgan Rd., Oklahoma City, Oklahoma 73128.

### IV. COVERAGE UNDER THE FLSA

16. At all times hereinafter mentioned, TIR has been an employer within the meaning of the Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

17. At all times hereinafter mentioned, TIR has been part of an TIR within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

18. At all times hereinafter mentioned, TIR has been part of an TIR engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said TIR has and has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce - such as oilfield equipment, hand tools, computers, automobiles, and cell phones - by any person and in that said TIR has had and has an annual gross volume of sales made or business done of not less than $1,000,000 (exclusive of excise taxes at the retail level which are separately stated).

19. At all times hereinafter mentioned, Plaintiffs and the Putative Class Members were engaged in commerce or in the production of goods for commerce.

20. As will be shown through this litigation, TIR treated Plaintiffs the Putative Class Members as employees and uniformly dictated the pay practices Plaintiffs and its other employees were subjected to.

## V.   FACTS

21.     TIR "is a full spectrum provider of Pipeline Inspection, Pipeline Integrity services and Non-Destructive Examination services to the oil and gas industry."[2] To complete their business objectives, TIR hires personnel (like Plaintiffs) to perform work.

22.     Many of these individuals worked for TIR on a day-rate basis and make up the proposed Putative Class. While exact job titles and job duties may differ, these employees are subjected to the same or similar illegal pay practices for similar work.

23.     TIR paid the Putative Class Members a flat sum for each day worked, regardless of the number of hours that they worked that day (or in that workweek) and failed to provide them with overtime pay for hours that they worked in excess of forty (40) hours in a workweek.

24.     Plaintiffs normally worked 10 to 12 hours a day.

25.     Plaintiffs was never guaranteed a salary when he worked for TIR.

26.     Plaintiffs was required to report the days worked to TIR, not the hours he worked.

27.     The work Plaintiffs performed was an essential and integral part of TIR's core business.

28.     During Plaintiffs' employment with TIR, it and/or the company TIR contracted with exercised control over all aspects of his job.

29.     TIR and/or the company it contracted with controlled all the significant or meaningful aspects of the job duties performed by Plaintiffs.

---

[2] https://www.cyressenegery.com/tulsa-inspection-resources (last visited December 6, 2019).

4

30. Even though Plaintiffs often worked away from TIR's offices, TIR still controlled all aspects of Plaintiffs' job activities by enforcing mandatory compliance with TIR's and/or its client's policies and procedures.

31. TIR directly determined Plaintiffs' rates of pay, their work schedule, and prohibited them from working other jobs for other companies while he was working on jobs for TIR.

32. Very little skill, training, or initiative was required of Plaintiffs to perform their job duties.

33. Indeed, the daily and weekly activities of the Putative Class Members were routine and largely governed by standardized plans, procedures, and checklists created by TIR and/or its clients. Virtually every job function was pre-determined by TIR and/or its clients, including the tools to use at a job site, the data to compile, the schedule of work, and related work duties. The Putative Class Members were prohibited from varying their job duties outside of the pre-determined parameters.

34. Moreover, the job functions of the Putative Class Members were primarily manual labor/technical in nature, requiring no college education or other advanced degree.

35. Plaintiffs and the Putative Class Members did not have any supervisory or management duties.

36. All of the Putative Class Members perform the same or similar job duties and are subjected to the same or similar policies and procedures which dictate the day-to-day activities performed by each person.

37. The Putative Class Members also worked similar hours and were denied overtime as a result of the same illegal pay practice.

38. TIR's policy of failing to pay its employees, including Plaintiffs, overtime violates the FLSA because these workers are performing non-exempt job duties.

39. It is undisputed that Plaintiffs and the Putative Class Members are performing manual labor and working long hours out in the field.

40. TIR's day-rate system violates the FLSA because Plaintiffs and those similarly situated did not receive any overtime pay for hours worked over 40 hours each week.

### VI. FLSA VIOLATIONS

41. As set forth herein, TIR has violated, and is violating, Section 7 of the FLSA, 29 U.S.C. § 207, by employing employees in an TIR engaged in commerce or in the production of goods for commerce within the meaning of the FLSA for workweeks longer than forty (40) hours without compensating such employees for their employment in excess of forty (40) hours per week at rates no less than 1 and ½ times the regular rates for which they were employed.

42. TIR knowingly, willfully, or in reckless disregard carried out this illegal pattern or practice of failing to pay the Putative Class Members overtime compensation. TIR's failure to pay overtime compensation to these employees was neither reasonable, nor was the decision not to pay overtime made in good faith.

43. Accordingly, Plaintiffs and the Putative Class Members are entitled to overtime wages under the FLSA in an amount equal to 1 and ½ times their rate of pay, plus liquidated damages, attorney's fees and costs.

### VII. COLLECTIVE ACTION ALLEGATIONS

44. Plaintiffs incorporate all previous paragraphs and alleges that the illegal pay practices TIR imposed on Plaintiffs were likewise imposed on the Putative Class Members.

45. Numerous individuals were victimized by this pattern, practice, and policy which is in willful violation of the FLSA.

46. Numerous other individuals who worked with Plaintiffs indicated they were paid in the same manner, performed similar work, and were not properly compensated for all hours worked as required by state and federal wage laws.

47. Based on their experiences and tenure with TIR, Plaintiffs are aware that TIR's illegal practices were imposed on the Putative Class Members.

48. The Putative Class Members were all not afforded the overtime compensation when they worked in excess of forty (40) hours per week.

49. TIR's failure to pay wages and overtime compensation at the rates required by state and/or federal law result from generally applicable, systematic policies, and practices which are not dependent on the personal circumstances of the Putative Class Members.

50. Plaintiffs' experiences are therefore typical of the experiences of the Putative Class Members.

51. The specific job titles or precise job locations of the Putative Class Members do not prevent class or collective treatment.

52. Plaintiffs have no interests contrary to, or in conflict with, the Putative Class Members. Like each Putative Class Member, Plaintiffs have an interest in obtaining the unpaid overtime wages owed to them under state and/or federal law.

53. A class and collective action, such as the instant one, is superior to other available means for fair and efficient adjudication of the lawsuit.

54. Absent this action, many Putative Class Members likely will not obtain redress of their injuries and TIR will reap the unjust benefits of violating the FLSA and applicable state labor laws.

55. Furthermore, even if some of the Putative Class Members could afford individual litigation against TIR, it would be unduly burdensome to the judicial system.

56. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of individual members of the classes and provide for judicial consistency.

57. The questions of law and fact common to the Putative Class Members predominate over any questions affecting solely the individual members. Among the common questions of law and fact are:

  a. Whether TIR employed the Putative Class Members within the meaning of the applicable state and federal statutes, including the FLSA;

  b. Whether TIR's day rate pay practice meets the salary-basis test;

  c. Whether TIR's decision to not pay time and a half for overtime to the Putative Class Members was made in good faith;

  d. Whether TIR's violation of the FLSA was willful; and

  e. Whether TIR's illegal pay practices were applied uniformly across the nation to all Putative Class Members.

58. Plaintiffs' claims are typical of the claims of the Putative Class Members. Plaintiffs and the Putative Class Members sustained damages arising out of TIR's illegal and uniform employment policy.

59. Plaintiffs know of no difficulty that will be encountered in the management of this litigation that would preclude its ability to go forward as a collective action.

60. Although the issue of damages may be somewhat individual in character, there is no detraction from the common nucleus of liability facts. Therefore, this issue does not preclude collective action treatment.

## JURY DEMAND

1. Plaintiffs demand a trial by jury.

## RELIEF SOUGHT

2. WHEREFORE, Plaintiffs pray for judgment against TIR as follows:

   a. An Order designating the Putative FLSA Class as a collective action and permitting the issuance of a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated individuals with instructions to permit them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. § 216(b);

   b. For an Order appointing Plaintiffs and their counsel to represent the interests of the FLSA Class;

   c. For an Order finding TIR liable to Plaintiffs and the Potential Class Members for unpaid overtime owed under the FLSA, as well as liquidated damages in an amount equal to their unpaid compensation;

   d. For an Order awarding attorneys' fees, costs, and pre- and post-judgment interest at the highest available rates; and

   e. For an Order granting such other and further relief as may be necessary and appropriate.

Respectfully submitted,

By: */s/ Michael A. Josephson*
Michael A. Josephson
State Bar No. 24014780
mjosephson@mybackwages.com
Andrew W. Dunlap
State Bar No. 24078444
adunlap@mybackwages.com
**JOSEPHSON DUNLAP**
11 Greenway Plaza, Suite 3050
Houston, Texas 77046
713-352-1100 – Telephone
713-352-3300 – Facsimile

Richard J. (Rex) Burch
Texas Bar No. 24001807
**BRUCKNER BURCH, P.L.L.C.**
8 Greenway Plaza, Suite 1500

Houston, Texas 77046
713-877-8788 – Telephone
713-877-8065 – Facsimile
rburch@brucknerburch.com

Michael Burrage, OBA No. 1350
**WHITTEN BURRAGE**
512 N. Broadway, Suite 300
Oklahoma City, OK 73102
Telephone: (405) 516-7800
Facsimile: (405) 516-7859
mburrage@whittenburragelaw.com

**ATTORNEYS IN CHARGE FOR PLAINTIFFS**

10