UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| FRANCISCO DIAZ, VICENTE GONZALEZ, and PAUL MARTIN, | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) Case No. 19-CV-668-JED-FHM ) |
| CYPRESS ENERGY MANAGEMENT TIR, LLC, and TULSA INSPECTION RESOURCES, LLC, | ) ) ) ) |
| Defendants. | ) |

## OPINION AND ORDER

This employment action comes before the Court on the defendants' motion (Doc. 14) to dismiss the claims of Plaintiff Paul Martin.

**I.     BACKGROUND**

The plaintiffs, including Mr. Martin, whose claims are the subject of the instant motion, sue the defendants under the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. The plaintiffs allege that they worked as inspectors for the defendants, who are related entities operating in the oil and gas sector. According to the plaintiffs, the defendants paid them and others a "day rate," even though their duties as inspectors rendered them subject to the FLSA's mandatory overtime provisions.

The defendants move to dismiss Mr. Martin's claims for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure. The defendants claim that Mr. Martin's employment contract obliges him to litigate his claims in the District Court of Tulsa County, rather than the United States District Court for the Northern District of Oklahoma. The relevant provision in the agreement, which the defendants attach to their motion, stipulates as follows:

> Any controversy claim or litigation arising out of or relating to the Employee's duties to the Employer including, but not limited to, any of the rights and obligations set forth in this Employment Agreement shall in all events be determined by the District Court of Tulsa County, Oklahoma which shall have exclusive jurisdiction in the event of any dispute which results in litigation.

(Docs. 14-1 ¶ 4).[1]

## II.     DISCUSSION

The parties do not dispute that the forum selection clause is mandatory and enforceable. Rather, they disagree about whether Mr. Martin's FLSA claims fall within its scope. A party's obligations under a contract, including the scope of his obligation to litigate a claim in a particular forum, are determined by the language contained in the contract that the parties have negotiated and agreed upon. *Rawdon v. Starwood Capital Grp.*, 453 P.3d 516, 522 (Okla. Civ. App. 2019) (citing *Tucker v. Cochran Firm-Criminal Def. Birmingham L.L.C.*, 341 P.3d 673, 681 (Okla. 2014). To determine whether a claim falls within the clause, a court must look to the language of the clause to determine the intent of the parties. *Id.*

The defendants argue that Mr. Martin's claims fall squarely within the forum selection clause because an employee's overtime-exempt status turns on his job duties. Since Mr. Martin agreed to litigate claims "arising out of or relating to the Employee's *duties* to the Employer," the defendants argue that he can only bring his FLSA claims in Tulsa County District Court. Mr. Martin counters that the provision applies only to claims arising from "the Employee's duties *to the Employer*." Since the FLSA imposes duties on the employer, not the employee, he argues, his claims fall outside the forum selection clause.

---

1. The copy of the agreement attached to the defendants' motion did not include all pages. As a result, part of the relevant paragraph was cut off. The defendants attach a full copy of the agreement to their reply brief. (*See* Doc. 20-1).

The defendants have the better of the argument. The relevant provision applies to litigation "arising out of or *relating to* the Employee's duties to the Employer." And it cannot be seriously disputed that this litigation "relates" to Mr. Martin's duties to the defendants. Whether an employee qualifies for the applicable overtime exemption turns on whether the employee's "primary *duty* . . . include[s] the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.202 (emphasis added). It is not by accident that Mr. Martin and the other plaintiffs dedicate significant portions of their Complaint to describing their job duties. (*See* Doc. 2 at ¶¶ 32–38). Mr. Martin seems to argue that the clause would only apply to litigation relating to the *violation* of his duties to the defendants. In other words, he seems to contend that the clause would only apply if he were the one being sued. But that is not what the clause says. The plain language of the clause states that it applies to any litigation related to his duties, whether or not it was the violation of those duties that provided the cause of action. Because Mr. Martin's claims relate to his duties to the defendants, the claims fall within the forum selection clause in his employment agreement and he is obliged to bring them in Tulsa County District Court.

The Court has no authority to transfer a case to state court. Therefore, the claims of plaintiff Paul Martin are dismissed without prejudice. *See* 28 U.S.C. § 1406(a). The defendants' motion (Doc. 14) is **granted.**

SO ORDERED this 26th day of October, 2020.

JOHN E. DOWDELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT